Jessie L. JOHNSTON, Sarah Johnston and Fred F. Johnston, Jr., Plaintiffs,

v.

Richard WILBOURN, Archie McDonnell, Sr., Archie McDonnell, Jr., Citizens National Bank and the Stonewall Bank, Defendants.

Civ. A. E87–0074(L).

United States District Court, S.D. Mississippi, E.D.

Jan. 20, 1988.

William E. Ready, George L. Follett, Meridian, Miss., J. Stephen Wright, James C. Martin, Stennett, Wilkinson & Ward, Jackson, Miss., for plaintiffs.

R.B. Deen, Jr., Deen, Cameron, Pritchard, Young, Kittrell & Loeb, Meridian, Miss., Charles K. Reasonover, Robert E. Kerrigan, Jr., Duris L. Holmes, Charles P. Carriere, III, Deutsch, Kerrigan & Stiles, New Orleans, La., Arlo Temple, Meridian, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants Richard Wilbourn, Archie McDonnell, Sr. and Archie McDonnell, Jr. and the motion of defendants Citizens National Bank and The Stonewall Bank to dismiss plaintiffs' third, fourth and fifth causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the allegations contained in those causes of action fail to state a claim upon which relief can be granted. Citizens National Bank and The Stonewall Bank also seek dismissal of a portion of plaintiffs' seventh cause of action. Plaintiffs have timely responded to the motion and the court has considered the memoranda of authorities submitted by the parties.

This case involves a sale by plaintiffs of their shares of Stonewall Bank stock to defendants. Plaintiffs allege wrongdoing by defendants in connection with their purchase of those shares and in connection with the subsequent merger of The Stonewall Bank and Citizens National Bank. Plaintiffs complaint contains ten "causes of actions," three of which are relevant for purposes of the present motion: causes of action numbers three, four and five.[1] These will be separately considered.

### Cause of Action No. Three:

■ Plaintiffs allege that defendants violated section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Defendants seek dismissal of this claim based on Fifth Circuit precedent that no private cause of action exists under section 17(a). *See Lan-*

dry v. All American Assurance Co., 688 F.2d 381, 387–91 (5th Cir.1982) (concluded upon application of *Cort v. Ash* test to section 17(a) that private cause of action is not implied). Plaintiffs acknowledge that under the prevailing law in the Fifth Circuit, they "must likely concede their section 17(a) cause of action," but note that there has been a difference of opinion in other circuits relative to whether a private cause of action may be implied. However, the relevant law for this court's purposes is that of the Fifth Circuit which clearly holds that no private right of action exists under section 17(a). Therefore, defendants' motion to dismiss plaintiffs' third cause of action is granted.

### Cause of Action No. Four:

Plaintiffs allege that defendants, by their conduct as alleged in the complaint, violated various securities laws, as follows:

(1) Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and

(2) Rule 10b–13 promulgated thereunder, 17 C.F.R. 240.10b–13;

(3) Section 14(e) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78n(e), and

(4) Rule 14e–3 promulgated thereunder, 17 C.F.R. § 240.14e–3.

Defendants have moved to dismiss plaintiffs' fourth cause of action in its entirety for various shortcomings relating to each of the alleged securities violations. Plaintiffs' response to defendants' motion to dismiss renders consideration of defendants' grounds for dismissal of plaintiffs' fourth cause of action somewhat problematic. Plaintiffs generally object to dismissal of their fourth cause of action, yet at the same time specifically concede that they "do not, and cannot, assert direct injury or demand damages for cause of action number four." For purposes of clarification, each of the alleged securities violations will be separately considered.

---

1. The seventh cause of action is relevant only as to the motion of Citizens National Bank and The Stonewall Bank.

■ (1) With reference to plaintiffs' claim that defendants violated section 10(b) and Rule 10b–5, defendants contend that plaintiffs have no standing to challenge the alleged tender offer which it made to the remaining shareholders of The Stonewall Bank since only purchasers and sellers of securities have standing to sue under Rule 10b–5. In response, plaintiffs state simply that under the fourth cause of action, they allege neither direct injury nor damages because "the fourth cause is alleged as a predicate act to show a pattern of racketeering activity" under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968 (1984). The court notes that causes of action six and seven of plaintiffs' complaint allege RICO violations by defendants. Plaintiffs assert that these RICO claims require not only direct injury from racketeering activity, but also predicate acts which establish a "pattern" of racketeering activity. Their fourth cause of action, they say, is "recited as one of several predicate acts to show defendants' 'pattern of racketeering activity.'" And, "the 10b–5 allegations ... are included to establish a predicate act of racketeering activity." Accepting plaintiffs' characterization of the alleged section 10(b) violations by defendants, it is difficult to conceive why plaintiffs term this a "separate cause of action" as opposed to simply including this within the RICO "causes of action." And, inasmuch as plaintiffs concede that they cannot assert direct injury or damages under Rule 10b–5, the court finds that defendants' motion as it pertains to this portion of plaintiffs' fourth cause of action should be granted except for reservation of plaintiffs' right to proceed under Rule 10b–5 only as a predicate act for its RICO claims.

■ (2) The theory upon which plaintiffs contend that defendants violated Rule 10b–13 is not made clear in their complaint. Defendants, as well as this court, understood plaintiffs to have charged a violation of 10b–13 based on a comparison of plaintiffs' agreement with defendants for the sale of their shares of Stonewall Bank stock with the alleged tender offer made to the remaining Stonewall Bank shareholders. In response to the motion to dismiss, plaintiffs have attempted to clarify their position. They now claim that defendants violated 10b–13 when they, during the pendency of their tender offer to the remaining shareholders of The Stonewall Bank, published a proposed merger agreement to the boards of directors of both financial institutions calling for an exchange rate of seventeen shares of Citizens National Bank stock for each share of Stonewall Bank stock. Based on this, plaintiffs charge that the terms of the cash tender offer differed distinctly from the exchange rate established under the merger agreement and hence amounts to a violation of Rule 10b–13.

Even accepting plaintiffs' characterization of their claims under Rule 10b–13, the court is of the opinion that this portion of plaintiffs' fourth "cause of action" is insufficient as a matter of law to entitle plaintiffs to relief. Rule 10b–13 prohibits one who has made a cash tender offer or exchange offer from "directly or indirectly, purchasing, or making any arrangement to purchase, any such security" other than pursuant to the tender offer or exchange offer during the duration of the tender offer. The purpose of the rule is to "[give] persons who have tendered their securities in response to a cash tender offer or exchange offer the right to be assured that the offeror will not purchase or exchange the securities of other investors on different terms from those made in the tender offer or exchange offer...." *Warren v. Bokum Resources Corp.*, 433 F.Supp. 1360, 1367 (D.N.M.1977).

In the present case, the alleged tender offer to the remaining stockholders of Stonewall Bank was made by the individual defendants whereas the agreement to merge, whether or not that agreement was an agreement to purchase, was made between the defendant banks and did not give the purchasers of Stonewall Bank stock, i.e., the individual defendants, any right to receive additional Stonewall Bank stock, whether by purchase or exchange. Thus, the court is of the opinion that plaintiffs' claim under 10b–13 must fail both as a

"mainstream" claim and as a predicate act for RICO and should therefore be dismissed.

■ (3) Section 14(e) which plaintiffs claim defendants violated makes it unlawful for any person to make any untrue statement of material fact or omit to state a material fact or engage in fraudulent or deceptive practices in connection with any tender offer. This particular claim relates to an alleged tender offer by defendants to the remaining shareholders of The Stonewall Bank after plaintiffs had sold their shares to defendants. According to defendants, this portion of cause of action number four must likewise be dismissed because, under section 14(e), plaintiffs must prove that they relied on the untrue or omitted information in the tender offer and since plaintiffs sold their shares prior to any alleged tender offer, they cannot prove reliance. Defendants also allege that since plaintiffs were not injured by the alleged tender offer because they had already sold their shares, there can be no causation.

Plaintiffs deny that they need prove reliance on the erroneous tender offer to state a cause of action under section 14(e), and in support of that proposition, cite *Plaine v. McCabe*, 797 F.2d 713 (9th Cir. 1986). In *Plaine*, the plaintiff did not voluntarily tender her shares pursuant to an alleged erroneous tender offer, but alleged that the false information and omissions in the offer led other shareholders to tender their shares. The court indicated that it was not necessary that she have relied on the alleged erroneous information and concluded that "a shareholder may bring a section 14(e) action 'if [s]he has been injured by fraudulent activities of others perpetrated in connection with a tender offer, *whether or not [s]he has tendered h[er] shares.'*" *Plaine*, 797 F.2d at 718 (quoting *Smallwood v. Pearl Brewing Co.*,

489 F.2d 579, 596 (5th Cir.) (emphasis added), *cert. denied*, 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 113 (1974)). Accepting for the sake of argument that proof of reliance is not essential to state a claim under section 14(e), plaintiffs nevertheless are not relieved of the burden to demonstrate injury to themselves. As the court in *Plaine* explained,

[a] non-tendering shareholder may also complain derivatively of injury to the target company. *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 596 (5th Cir.), *cert. denied*, 419 U.S. 873 [95 S.Ct. 134, 42 L.Ed.2d 113] *Because Plaine did not bring her section 14(e) claim as a derivative action and her suit has not been certified as a class action, however, the question whether she has proved injury to herself ... is crucial.*

*Plaine*, 797 F.2d at 718 n. 8 (emphasis supplied). As previously noted, plaintiffs have acknowledged that they "do not, and cannot, assert direct injury or demand damages for cause of action number four." Absent any allegation of injury or causation, and in light of plaintiffs' concession in their response as to the lack of proof of injury, the court is of the opinion that defendants' motion to dismiss that part of the fourth cause of action relating to Rule 14(e) should be granted.[2]

■ (4) In their fourth cause of action, plaintiffs assert that defendants violated the provisions of Rule 14e–3 which, at subsection (a), prohibits the use of inside information in the purchase or sale of securities which are offered pursuant to a tender offer after the "offering person" has taken a substantial step or steps to commence, or has commenced the tender offer. Here, it is the "offering person" who is alleged to have violated Rule 14e–3(a). However, "Rule 14e–3(a) does not proscribe purchases or sales of securities to be sought or sought in a tender offer by the person who

---

**2.** The court observes an inconsistency in plaintiffs' position since they on the one hand state that the fourth cause of action is alleged merely as a predicate act to show a pattern of racketeering activity under RICO, yet then assert that they can prove a set of facts to entitle them to relief under section 14(e) either as a predicate act for a RICO claim or as a mainstream 14(e) cause of action. That is, plaintiffs state that they cannot and need not prove direct injury or damages under the fourth "cause of action," yet claim that they can prove entitlement to relief under section 14(e) as a "mainstream" cause of action.

has taken a substantial step or steps to commence or has commenced the tender offer," i.e., the offeror. *Securities Exchange Act Rel. No. 17120 [1980 Transfer Binder]* Fed.Sec.L.Rep. (CCH) ¶ 82,646, at 83,454 (Sept. 4, 1980). Thus, persons subject to the provisions of 14e–3(a) are persons other than the offering person. *Id.* at 83,458 n. 34. Under the facts alleged by plaintiffs, defendants' purchase of plaintiffs' stock was not prohibited under Rule 14e–3(a). The court would also note that plaintiffs made no response to defendants' motion to dismiss relative to the Rule 14(e)–3 claim, despite their meticulous response to the remaining matters contained in the motion to dismiss. And, the plaintiffs themselves have admitted that the fourth cause of action contains no allegation of injury or damages. Accordingly, the court is of the opinion that plaintiffs' 14(e)–3 claim should be dismissed.

### Cause of Action No. Five:

Plaintiffs' fifth cause of action alleges violations of federal securities laws in connection with proxy statements issued by the banks. Plaintiffs allege that

defendants violated § 10(b) of the Securities Exchange Act of 1934 ... and Rule 10b–5 promulgated thereunder.... the actions also violated § 14(a) of the Securities Exchange Act of 1934 ... and the rules and regulations promulgated thereunder ... as such information contained therein guides the disclosure of material information essential to an investor's appraisal of the proposed merger.

Plaintiffs concede, as they must, that section 14(a) applies only to securities registered pursuant to section 12 of the 1934 Act and that the securities at issue in the case at bar do not fall within the scope of section 14(a). Plaintiffs contend, however, that they "have not alleged a cause of action under section 14(a)," but rather have included reference to section 14(a) as its provisions tend to indicate what should be

included in proxy materials for non-registered securities.[3] For the foregoing reasons, plaintiffs' cause of action, assuming they intended to assert one, under section 14(a) should be dismissed. The question remains whether defendants violated section 10(b) and Rule 10b–5.

■ In the court's opinion, plaintiffs Fred Johnston and Sarah Johnston lack standing to sue under the fifth cause of action since, at the time defendants sent the proxy material relative to the merger, neither owned any shares which could have been sold nor had they purchased any shares. Since only a seller or purchaser of securities may bring a Rule 10b–5 claim, and neither Fred Johnston nor Sarah Johnston qualifies, defendants' motion to dismiss the fifth cause of action as to Fred Johnston and Sarah Johnston should be granted. The proxy statement, however, was issued to Jessie Johnston who had retained two shares of stock in the Stonewall Bank. She therefore has standing to assert a Rule 10b–5 claim.

■ Apparently, it is plaintiffs' contention that the proxy statement of Stonewall Bank and Citizens National Bank concerning a merger of those two institutions was a device employed by defendants to defraud, and that if the shareholders of The Stonewall Bank had in fact been aware of the untruths, omissions and deceptive practices contained in the proxy materials, they would have declined to sell their stock in return for Citizens National Bank stock and the merger would not have occurred. However, it appears that defendants, after their purchase of plaintiffs' Stonewall Bank shares, owned eighty-seven percent of the outstanding shares, more than enough than was needed to approve the merger. *See* Miss.Code Ann. § 79–3–145 (1972) (affirmative vote of two-thirds of outstanding shares required to effect a merger). Since the merger would have occurred regardless of the proxy materials, plaintiffs cannot

---

**3.** Plaintiffs' statement that they have not alleged a cause of action under section 14(a) is curious in light of the specific recitation in the complaint that "the action (of defendants) also violated section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(n)...." If plaintiffs had truly not intended to seek relief under section 14(a), then it would appear that they should not have alleged that defendants' actions violated that provision.

demonstrate causation. Accordingly, the court is of the opinion that plaintiffs' fifth cause of action should be dismissed.

Defendants Citizens National Bank and The Stonewall Bank have moved additionally for dismissal of that part of plaintiffs' seventh cause of action charging a violation of 18 U.S.C. § 1962(c). As grounds in support of their motion, these defendants assert that since plaintiffs have not alleged that Citizens National Bank and The Stonewall Bank are "separate and distinct persons" and "enterprises" for purposes of section 1962(c), the complaint fails to state a claim as to the defendants under that section. However, the tenor of the entire complaint is that at the time of the acts complained of, the defendant banks were in fact two separate "enterprises," despite the fact of the subsequent merger. Therefore, the court is of the opinion that the motion of Citizens National Bank and The Stonewall Bank to dismiss that part of plaintiffs' seventh cause of action should be denied.

A separate judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.